IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JANET R. KYNISTON, | Case No. 2:14-cv-00049-TC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

COFFIN, Magistrate Judge:

Plaintiff brings this action pursuant to the Social Security Act (Act), U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) under the Act. Upon review of the record and the parties' submissions, the Commissioner's decision is reversed and remanded for further proceedings.

## BACKGROUND

On January 8, 2010, plaintiff protectively filed a Title II application for DIB, asserting disability beginning May 2, 2001,

1 - OPINION AND ORDER

through December 31, 2005, the date last insured (DLI), due to depression, anxiety, fibromyalgia, osteoarthritis, degenerative joint disease, post traumatic stress, migraines, scoliosis, sleep apnea, undifferentiated spondylitis, right hip resurfacing, left right hip fracture, surface stenosis, fatigue, muscle stiffness, Hoffman's disease, poor concentration, severe sweating, immediate and post exterior pain, low back pain, thyroid nodules, weak bladder, and extreme hip/leg pain. Tr. 24, 158.

Plaintiff's claim was denied initially on April 8, 2010, and upon reconsideration on September 3, 2010. Tr. 24. Thereafter, plaintiff filed a written request for hearing on October 26, 2010, and appeared and testified at a hearing before an Administrative Law Judge (ALJ) on November 17, 2011. Id. In his opinion of March 7, 2012, the ALJ found that through the DLI, "[plaintiff] had the following medically determinable impairments: diarrhea, migraine headaches, and polyarthritic joint pain." Tr. 26. However, the ALJ found that the objective medical evidence failed to support plaintiff's alleged inability to work and that prior to the expiration of the DLI, all of her impairments were "either not medically determinable or non-severe." Tr. 27.

## DISCUSSION

Plaintiff argues that several documents that demonstrate her disability were left out of the administrative record and should be considered to establish her disability during the period when she

was still insured. Pl.'s Mem. in Supp. of Pet. for Review 7. Specifically, plaintiff argues that the functional capacity assessment from Suzanne Kelly, PT, CEAS, dated February 11, 2011, and letters from Patrick Barfield, F.N.P., dated February 3, 2011, and Dr. Fred Stark, M.D., dated November 16, 2010 (ECF No. 20-1 at 24-34), "clearly show that [she] had debilitating medical conditions during the time in question, 2001 to 2005" and should be considered. Id. at 12. Plaintiff argues that once the new evidence is considered, the court should reverse the decision of the Commissioner and remand for benefits.[1] Id. at 15.

Defendant concedes that plaintiff has submitted new evidence to this court that is not in the administrative record (see ECF No. 20, Attach. 1-4). Def.'s Br. and Mot. for Remand 2. Defendant also concedes that the evidence is new and material and that good cause exists for the evidence to be missing from the administrative record. Id. Defendant, however, argues that "this court should merely order the Commissioner to consider the new and material evidence" and "if a new hearing is appropriate under the regulations, the ALJ will conduct one." Id.

---

[1] Plaintiff also asserts that her former attorney "failed to properly represent her prior to and during the ALJ hearing" and, therefore, moves the court to deny any request for payment made by her former attorney. Id. at 2. The record reveals that any payment due to plaintiff's former attorney would be contingent upon a favorable outcome in the case. Tr. 99. Because plaintiff's case is remanded for further proceedings, this issue is not yet ripe. As such, I reserve judgment on plaintiff's motion to deny payment of her former attorney's fees until a final disposition is reached.

3 - OPINION AND ORDER

"The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985)). The decision whether to remand a case for further proceedings turns upon the likely utility of such proceedings. Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000). Remand for further proceedings is appropriate in most cases. Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004); Moisa v. Barnhart 367 F.3d 882, 886-87 (9th Cir. 2004). However, where new proceedings would simply serve to delay the receipt of benefits and would not add to the existing findings, an award of benefits is appropriate. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

The Supreme Court has held that sentences four and six prescribe the only two kinds of remands allowed under of 42 U.S.C. § 405(g). Melkonyan v. Sullivan, 501 U.S. 89, 101-03 (1991). Remands under sentence four must be based on "the pleadings and transcript of record." 42 U.S.C. § 405(g)(Sentence Four). Further, with a sentence four remand, the court rules on whether the Commissioner properly considered the claimant's application for benefits. Flores v. Shalala, 49 F.3d 562, 568 (9th Cir. 1995).

Under sentence six, by contrast, when there is a "failure to incorporate [new] evidence into the record in a prior proceeding," the court may remand without making a determination as to the

"correctness of the Secretary's decision." Id., quoting Melkonyan, 501 U.S. at 100. In determining whether to remand a case in light of new evidence under sentence six, the court examines both whether the new evidence is material to a disability determination and whether a claimant has shown good cause for failing to present the new evidence to the ALJ earlier. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001). The claimant has the burden of demonstrating materiality and good cause. Id.

To be material under § 405(g), the new evidence must bear "directly and substantially on the matter in dispute." Id., quoting Ward v. Schweiker, 686 F.2d 762, 764 (9th Cir. 1982); Luna v. Astrue, 623 F.3d 1032, 1034 (9th Cir. 2010). The claimant must also demonstrate that there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing. Mayes, 276 F.3d at 970; Luna, 623 F.3d at 1034. "To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." Mayes, 276 F.3d at 971.

Here, plaintiff submitted new evidence to this court that is not in the administrative record and was not considered by the ALJ in the prior proceeding. Thus, sentence six of 42 U.S.C. § 405(g) applies here. The Commissioner concedes that the evidence is new and material, as contemplated by sentence six of the Act, and that good cause exists for not including it in the administrative record. As such, plaintiff's burden of proving

5 - OPINION AND ORDER

materiality and good cause, as sentence six of 42 U.S.C. § 405(g) requires, is satisfied. However, because the ALJ's decision was based largely on the lack of objective medical evidence to support plaintiff's alleged disability, and new evidence is now available, this court declines to make a determination as to the correctness of the ALJ's decision. Melkonyan, 501 U.S. at 100.

As such, the case is remanded for further proceedings, pursuant to sentence six of 42 U.S.C. § 405(g), for consideration of the new evidence and issuance of a new decision. Moreover, no judgment is issued at this time and this court retains jurisdiction of the matter until after postremand agency proceedings have been completed and their results filed with the court. See Shalala v. Schaefer, 509 U.S. 292, 297 (1993).

## CONCLUSION

The Commissioner's decision is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated this _20_ day of March 2015.

_____
THOMAS M. COFFIN
United States Magistrate Judge