IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JANET K., | ) | |
| | ) | |
| Plaintiff, | ) | 2:14-CV-00049-TC |
| | ) | |
| v. | ) | Opinion and Order |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for Disability Insurance Benefits.

## FACTUAL BACKGROUND

This case has been before this court before. Plaintiff submitted evidence to this court that defendant conceded was new and material. This court remanded the matter for consideration of the new and material evidence. The ALJ had a new hearing where plaintiff, through her attorney, amended her alleged onset date to November 30, 2005. The ALJ issued a new decision finding plaintiff not disabled.

Although plaintiff was represented at her first hearing, and was represented in her second hearing, she appears pro se in this appeal of that second hearing.

As discussed in more detail below, she makes several arguments in her opening brief. Defendant addressed all of these in a brief and persuasively demonstrated that the period in question in the present appeal is 31 days. Plaintiff did not file an optional reply brief.

## DISCUSSION

1. Plaintiff's Subjective Complaints

Defendant has persuasively demonstrated that the ALJ appropriately considered plaintiff's subjective complaints, compared them to the evidence of record, and gave legally sufficient reasons for discounting them. Plaintiff's degree of

2 - OPINION AND ORDER

medical care during the alleged period of disability, lack of significant ongoing complaints leading up to the alleged period of disability, and contradictory statements about symptoms like diarrhea were clear and convincing reasons for finding that her complaints about her symptoms from November 30, 2005 through December 31, 2005 were not reliable. It is also noteworthy that plaintiff states in her Brief:

> I admit I have not been a model patient. If a doctor had given me a medication that caused bad side effects, I stopped mentioning those symptoms. If a Physical Therapist was causing me additional pain, I told them what they wanted to hear so I could get away from them. This may not have been the best policy, but at the time it was my only recourse. I also failed to inform my past doctors of all my symptoms.

P.p. 3-4, Plaintiff's Brief (#39). Plaintiff also states with regard to the physical therapist "I admit I lied to her about my pain levels decreasing so that I could get away from her. She was not helping my hip pain at all." Id. at p. 19.

## 2. The Medical Opinions

Defendant has persuasively demonstrated in great detail that the ALJ appropriately resolved the conflicts in the medical opinion evidence and gave the greatest weight to the opinions of the non-examining State agency medical consultants because their opinions were the most consistent with the relevant treatment records.

3. The Consideration of All of Plaintiff's Impairments at Step Two

Defendant has persuasively demonstrated that the ALJ properly considered the severity of all of plaintiff's medically determinable impairments at Step Two and, in addition, if there was an error as to fibromyalgia, that it was harmless. As to the latter, the non-examining State agency medical consultant accounted for this diagnosis when formulating his opinions about plaintiff's RFC. Tr. 74.

4. Duty to Develop Record

Defendant has persuasively demonstrated that the ALJ adequately developed the record as there was not ambiguous evidence, and the record was adequate to allow for proper evaluation of the record. See McLeod v. Astue, 640 F.3d 881, 885 (9th Cir. 2011). The lack of corroborating medical records from the relevant period does not reflect a failure by the ALJ to develop the record. Plaintiff sought treatment in 2005 for relatively minor medical issues, like spider bites. Tr. 311, Tr. 763. She was insured and capable of seeking medical attention for the impairments she alleged were disabling, but did not do so. The ALJ did not fail to sufficiently develop the record. And despite plaintiff's argument to the contrary, the ALJ did not have an obligation to reorganize the medical records into a more logical manner. Such does not amount a failure to adequately develop the

4 - OPINION AND ORDER

record.

5. <u>Lay Witness Testimony</u>

Defendant has persuasively demonstrated that the ALJ appropriately considered lay witness testimony, and , if error occurred it was harmless.

Plaintiff's husband, mother and sister drafted letters in 2014 in support of her disability claim. These letters generally describe pain, fatigue, and depression, but they do not discuss the 31 day relevant period with any specificity. Tr. 245-46, 1247-48, 1307. The ALJ found that these letters did not have probative value because plaintiff's contemporaneous medical records documented unremarkable and benign findings. Tr. 974. As noted above, the medical records and defendant's argument support this conclusion. And any possible error in this particular case on this issue is harmless because the ALJ's reasons for discounting plaintiff's subjective complaints are equally applicable to the lay witness statements. See Molina v. Commissioner, 674 F.3d 1104, 1122 (9th Cir. 2012)(when an ALJ errs in considering lay witness evidence, the error is harmless where the same evidence that the ALJ referred to in discrediting plaintiff's claims also discredits the lay witness's claims).

5 - OPINION AND ORDER

6. A Remand for Consideration of New Evidence is Not Appropriate

Defendant persuasively demonstrates that a remand for consideration of new evidence is not appropriate. Defendant demonstrates that the new treatment record evidence is not material in that it does not bear directly and substantially on plaintiff's functioning in late 2005.

Similarly, plaintiff's citations referring to Giardia do not establish the existence of functional limitations in late 2005. Additionally, plaintiff has not established good cause for not bringing this evidence to the attention of the Agency when her application was being adjudicated.

CONCLUSION

The decision of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. §405(g)

DATED this 20 day of December, 2018.

THOMAS M. COFFIN
United States Magistrate Judge

6 - OPINION AND ORDER